IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN J. HAYS                                                                                          PLAINTIFF

v.                                        Civil No. 14-5070

CITY OF HIGHFILL, ARKANSAS                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* (IFP).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### 1. Background

According to the allegations of the complaint, Plaintiff received a traffic ticket and was scheduled to appear in court on one of the mornings when there was icy weather. Plaintiff states he was told by the court clerk that all cases were going to be rescheduled. To Plaintiff, it "sounded like she meant to say that he would be making it another day." Without his knowledge, Plaintiff states the cases were rescheduled for that same afternoon. When he did not appear, he was charged with failure to appear.

On the next occasion when he was scheduled to appear in court, Plaintiff states that he did appear but not until "a few minutes after my name was called." Once again, Plaintiff alleges he was charged with failure to appear.

AO72A
(Rev. 8/82)

Plaintiff maintains the court could not try him under the compelled performance of Admiralty Law and never gave the court jurisdiction over him. Moreover he indicates he signed his driver's license and the tickets "without prejudice" under the Uniform Commercial Code 1-207. He notes that he is appealing/moving the case from Benton County Court West, Gentry, Arkansas.

## 2. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

This case is subject to dismissal. First, to the extent the complaint can be read to be asserting a malicious prosecution claim, the claim fails. It has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

Second, to the extent Plaintiff challenges actions taken by the state courts, those claims fail. "[T]he United States Supreme Court alone has jurisdiction to review state court decisions. [T]he lower federal courts lack subject matter jurisdiction to consider federal claims that would vitiate an underlying state court judgment." *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004)(citations omitted).

Third, to the extent Plaintiff alleges his constitutional rights were violated by the issuance of the traffic citations, the fines/court costs assessed, and by various aspects of the proceedings against him, no § 1983 claims are cognizable. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. This has not occurred.

### 3.  Conclusion

For the reasons stated, I recommend that this case be dismissed without prejudice for failure to state a claim and because the claims are not cognizable under 42 U.S.C. § 1983.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of March 2014.

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
  CHIEF UNITED STATES MAGISTRATE JUDGE